Case 1:14-cv-01127-SAG   Document 26   Filed 03/26/15   Page 1 of 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 26, 2015

Woodrow Dean
28 Weber St.
Cumberland, MD 21502

Gabriel R. Deadwyler
Social Security Administration
6401 Security Blvd Rm 617
Baltimore, MD 21235

    RE:    *Woodrow Dean v. Commissioner, Social Security Administration*;
                  Civil No. SAG-14-1127

Dear Mr. Dean and Counsel:

      On April 9, 2014, Plaintiff Woodrow Dean, who appears *pro se,* petitioned this Court to review the Social Security Administration's final decision to deny his applications for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment, and both filings from Mr. Dean, one of which was filed in opposition to the Commissioner's motion.[1] (ECF Nos. 16, 18, 25). I also carefully reviewed the entire file, which includes other correspondence from Mr. Dean. *See, e.g.,* (Tr. 248-52). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

      Mr. Dean protectively filed his applications for benefits on June 25, 2010, alleging a disability onset date of November 28, 2009. (Tr. 89, 170-77). His applications were denied initially and on reconsideration. (Tr. 103-14). A hearing, at which Mr. Dean was represented by counsel, was held on August 21, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 45-78). Following the hearing, the ALJ determined that Mr. Dean was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-36). The Appeals

---

[1] After the Commissioner filed her Motion for Summary Judgment on October 23, 2014, a Rule 12/56 letter was mailed to Mr. Dean, advising him of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 19). In response, Mr. Dean filed a Motion to Appoint Counsel, which was denied, but Mr. Dean was afforded 60 days to find an attorney. (ECF Nos. 20, 21). When Mr. Dean was unable to locate counsel, he requested and was granted an additional extension of time to respond to the Commissioner's motion. (ECF No. 24).

Council denied Mr. Dean's request for review, (Tr. 1-10), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Dean suffered from the severe impairments of history of thoracic compression fractures, status-post remote motor vehicle accident, left and right shoulder tendinopathy, left olecranon bursitis, hyperlipidemia, status-post traumatic brain injury, dyslexia, and specific spelling difficulty. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Dean retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) involving occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs. The claimant cannot climb ladders, ropes or scaffolds or reach overhead using the left upper extremity. He should [sic] in environments without concentrated exposure to hazards, such as work at unprotected heights or work near dangerous moving machinery. He is restricted to simple, routine, repetitive work tasks.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Dean could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 31-32).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Dean's favor at step one, and determined that he had not engaged in substantial gainful activity since his alleged onset date. (Tr. 17); *see* 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Mr. Dean claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Mr. Dean's impairments were severe. (Tr. 17). After finding at least one of Mr. Dean's impairments severe, the ALJ continued with the sequential evaluation and considered, at step four, whether Mr. Dean's impairments limited his ability to work.

At step three, the ALJ determined that Mr. Dean's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 17-21). The ALJ considered the specific requirements of Listing 1.04, which pertains to disorders of the spine, and Listing 1.02, involving major dysfunction of a joint. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. 1 §1.04; (Tr. 18). The ALJ found that Mr. Dean did not have any of the requisite criteria,

*Woodrow Dean v. Commissioner, Social Security Administration*
Civil No. SAG-14-1127
March 26, 2015
Page 3

including nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis, and also did not display ineffective ambulation, significant motor weakness, or an inability to perform fine and gross movements effectively.  Mr. Dean suggests that there has been insufficient objective testing, as a result of his lack of insurance, to determine whether or not he suffers from some of the relevant conditions, but in light of his physical examinations which do not evidence the required functional limitations, I find no error in the ALJ's conclusions.  A claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986).  For a claimant to establish that his impairment meets or equals a liting, it must "meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).  Notably, no medical source has opined that Mr. Dean's impairments met any physical listing, and I agree that no listings are met.

With respect to Mr. Dean's alleged mental impairments, the ALJ further considered whether the criteria of Listing 12.04 (affective disorders) or Listing 12.09 (substance addiction disorders) were satisfied.  (Tr. 18-21).  In a thorough analysis, the ALJ cited to both testimonial and medical evidence to support the conclusions that Mr. Dean suffered from no restriction in activities of daily living or social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation. *Id.* Again, then, I agree that no listings are met.

In considering Mr. Dean's RFC, the ALJ summarized Mr. Dean's subjective complaints of pain affecting his back, shoulders, left arm, elbow, and bilateral knees, and difficulties with confrontational behavior and poor memory as a result of the pain.  (Tr. 21-22).  The ALJ also provided a detailed review of the medical records.  (Tr. 22-26).  The ALJ noted that, while Mr. Dean's thoracic compression fractures from 1979 have healed, he continues to suffer from back pain.  (Tr. 24).  However, the ALJ further noted the very mild objective findings on X-ray and the limited findings on physical examination pertaining to Mr. Dean's back symptoms.  (Tr. 24-25).  The ALJ also evaluated Mr. Dean's bursitis in his shoulder, and determined that he would be unable to use his left arm for overhead reaching.  (Tr. 25).  Finally, the ALJ acknowledged Mr. Dean's recent report of pain and stiffness in his hands.  However, the ALJ noted a lack of objective findings or physical examination results to corroborate any manipulative limitations.  (Tr. 25).  With respect to the alleged mental impairments, the ALJ summarized the results of the consultative neuropsychological evaluation, which did reflect the periodic need to be redirected as a result of becoming tangential.  (Tr. 25).  However, the ALJ noted that Mr. Dean "had no visible difficulty sustaining his attention for tasks during the two several hour sessions."  (Tr. 26).  The ALJ further summarized the results of the Wechsler Adult Intelligence Scale, noting that Mr. Dean's "recognition was typically better than recall indicating that repetition was the key for his learning." (Tr. 26).  Finally, the ALJ discussed in detail the reasons supporting the conclusion that Mr. Dean could sustain the required concentration and persistence necessary to perform simple, routine, and repetitive work tasks.  (Tr. 27).  Thus, I find that the ALJ's opinion suffices under the standard enunciated in *Mascio v. Colvin,* No. 13-2088, 2015 WL 1219530 (4th Cir. Mar. 18, 2015).

*Woodrow Dean v. Commissioner, Social Security Administration*
Civil No. SAG-14-1127
March 26, 2015
Page 4

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision, and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Dean's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Mr. Dean was unable to perform his past relevant work as an administrative assistant or in automobile sales. (Tr. 30). Accordingly, the ALJ proceeded to step five, where she considered the impact of Mr. Dean's age and level of education on his ability to adjust to new work. (Tr. 31-32). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.14, the ALJ correctly found that an individual closely approaching advanced age, with at least a high school education and a light RFC, is not disabled *per se*. (Tr. 31). Since Mr. Dean's RFC assessment contained additional limitations which impeded his ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Mr. Dean's particular assessment. (Tr. 73-75). The VE testified that a person with Mr. Dean's RFC would be capable of performing the jobs of office helper, assembler, and mail clerk. *Id.* Based on the VE's testimony, the ALJ concluded that Mr. Dean is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 31-32). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's Motion for Summary Judgment (ECF No. 18) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge